**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

U.S. BANK N.A.,

    Plaintiff,

vs.

THUNDER PROPERTIES, INC. et al.,

    Defendants.

3:16-cv-00700-RCJ-VPC

**ORDER**

This case arises out of a homeowners association foreclosure sale. Pending before the Court is a motion to dismiss.

**I.     FACTS AND PROCEDURAL HISTORY**

In March 2006, Alan Yuen and Ka Man Cheng gave an unidentified party a promissory note ("the Note") for $248,240 in exchange for funds in that amount to purchase real property at 245 Dawson Jacob Lane, Reno, Nevada, 89503 ("the Property") and gave another unidentified party a deed of trust ("the DOT") against the Property to secure the Note. (Compl. ¶¶ 9–12, ECF No. 1). Plaintiff U.S. Bank N.A., as trustee for a mortgage-backed security ("US Bank"), is the current beneficiary of the Note and DOT. (*Id.* 1, ¶ 13). In February 2014, a non-party agent acting on behalf of Defendant Rancho San Rafael Townhomes, Phase II Homeowners Association ("the HOA") sold the Property at auction under Chapter 116 of the Nevada Revised

1 Statutes to Defendant Thunder Properties, Inc. ("Thunder") for $11,700. (*Id.* ¶¶ 6, 5–19).  The

2 fair market value of the Property at that time was at least $167,000. (*Id.* ¶ 20).

3 US Bank has sued Thunder and the HOA in this Court to quiet title to the Property, i.e.,

4 for a declaration that the February 2014 sale did not extinguish the DOT.  US Bank argues that

5 the sale was invalid under state law and the Due Process Clause of the Fourteenth Amendment of

6 the U.S. Constitution for lack of notice, and that the sale was commercially unreasonable under

7 state law.  The HOA has moved to dismiss.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability thereunder, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows if the allegations of fact are true.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III. ANALYSIS**

The HOA argues that it should be dismissed as a Defendant because it disclaims any interest in the Property, and the dispute over whether the DOT survived the sale is purely between US Bank and Thunder. The Court disagrees that the HOA's interest in the Property could not be affected in this case. Unlike a case where a plaintiff seeks only a declaration as to the legal effect of a Chapter 116 sale on a deed of trust, *see, e.g.*, *My Global Vill., LLC v. Fed. Nat'l Mortg. Ass'n*, No. 2:15-cv-211, 2015 WL 4523501, at *4 (D. Nev. July 27, 2015) (Jones, J.), US Bank has prayed in the alternative that the sale be set aside altogether, (*see* Compl. 7). If US Bank obtained that measure of relief, title would be restored to Yuen and Cheng, the HOA would have to return the sale price to Thunder, and the HOA's lien against the Property would be reinstated. The Court cannot say that the HOA has no plausible interest in the outcome of the case as pled.

Nor will the Court dismiss based on the argument that there is no jurisdiction for any claims unless and until they are mediated with the Nevada Real Estate Division. *See* Nev. Rev. Stat. § 38.310(1) (mandating mediation for any claims requiring the interpretation, application, or enforcement of covenants, conditions, and restrictions ("CC&R")). The Complaint includes allegations of CC&R violations. (*See* Compl. ¶ 40). To the extent the quiet title claim is so based, the issue must be mediated. However, the Court cannot dismiss even the CC&R-dependent claims in this case. Where a statute is silent on pleading requirements, as here, failure to exhaust non-judicial remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 212 (2007), and a court may not dismiss based on such a defense unless the elements of the defense appear on the face of the challenged pleading, *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892,

902 (9th Cir. 2013). Otherwise, the defense cannot be adjudicated until the summary judgment stage; a motion to dismiss based on non-exhaustion cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)). Because the Complaint does not allege facts indicating non-exhaustion, the Court cannot dismiss the CC&R-dependent claims for that reason.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated June 14, 2017

_____
ROBERT C. JONES
United States District Judge