# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| US BANK N.A., et al., | ) | 3:16-CV-0700-RCJ (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | February 7, 2018 |
| | ) | |
| THUNDER PROPERTIES, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN     REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

The third stipulated motion to extend discovery plan and scheduling order (ECF No. 36) is **DENIED**. This case originated in December 2016 (ECF No. 1). The court entered its original scheduling order in May 2017. At that time, the parties were granted an initial extension of time of twenty-two days (ECF No. 21).

Thereafter, the court has granted two additional extension of time (ECF Nos. 28 & 33) for a total discovery period of 322 days which has now expired. On each order granting an extension, the court cautioned the parties by hand-writing the following: "There will be no further extensions of this order. VPC." The parties are now requesting a third[1] extension of time for a total of 380 days of discovery (ECF No. 36).[2] In each request for an extension, the parties cite to minimal written discovery that has been accomplished and their desire to discuss settlement. In the third request for discovery extension filed on the very deadline of February 6, 2018,[3] the parties state they have belatedly resolved a discovery dispute of which the court was

---

[1] In actuality, this is the fourth request for an extension (ECF Nos. 21, 28, 33 & 36).

[2] Discovery periods longer than 180 days from the date the first defendant answers or appear will require special scheduling review. Local Rule 26-1(b)(1).

[3] Pursuant to Local Rule 26-4, a motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline.

unaware. While the court commends the parties for resolving their own dispute, perhaps if the parties had brought such dispute to the court, it could have been resolved in a more timely fashion.

Based upon the parties' lack of attention to actually completing discovery and their failure to heed this court's plain warnings that discovery would not be extended, the court is in the unenviable position of having to deny the request to extend discovery. Discovery in this matter is concluded. Dispositive motions are due on March 9, 2018. No extensions will be granted.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: /s/
Deputy Clerk