# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK N.A., | )<br>)<br>) |
| Plaintiff, | ) 3:16-cv-00700-RCJ-VPC<br>) |
| vs. | )<br>) **ORDER** |
| THUNDER PROPERTIES, INC. et al., | )<br>) |
| Defendants. | )<br>) |

This case arises out of a homeowners' association foreclosure sale. Pending before the Court are a motion to dismiss and a motion to stay.

**I.   FACTS AND PROCEDURAL HISTORY**

In March 2006, Alan Yuen and Ka Man Cheng gave an unidentified party a promissory note ("the Note") for $248,240 in exchange for funds in that amount to purchase real property at 245 Dawson Jacob Lane, Reno, Nevada, 89503 ("the Property") and gave another unidentified party a deed of trust ("the DOT") against the Property to secure the Note. (Compl. ¶¶ 9–12, ECF No. 1). Plaintiff U.S. Bank N.A., as trustee for a mortgage-backed security ("US Bank"), is the current beneficiary of the Note and DOT. (*Id.* 1, ¶ 13). In February 2014, a non-party agent acting on behalf of Defendant Rancho San Rafael Townhomes, Phase II Homeowners Association ("the HOA") sold the Property at auction under Chapter 116 of the Nevada Revised

Statutes to Defendant Thunder Properties, Inc. ("Thunder") for $11,700. (*Id.* ¶¶ 6, 5–19). The fair market value of the Property at that time was at least $167,000. (*Id.* ¶ 20).

US Bank has sued Thunder and the HOA in this Court to quiet title to the Property, i.e., for a declaration that the February 2014 sale did not extinguish the DOT. US Bank argues that the sale cannot have extinguished the DOT under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, and that the sale was commercially unreasonable under state law. The HOA moved to dismiss, disclaiming any interest in the Property, but the Court denied the motion because US Bank had asked in the alternative for the sale to be voided altogether, which implicated an ongoing interest of the HOA. The Court also refused to dismiss for failure to mediate, because although one or more theories on which the quiet title claim is based potentially implicates a state statute requiring mediation, failure to exhaust administrative remedies is an affirmative defense, and facts indicating a lack of exhaustion do not appear on the face of the Complaint. US Bank has now moved for summary judgment. Thunder has not opposed the motion except to ask for a stay.

## II. DISCUSSION

The Court of Appeals has held that the opt-in notice scheme under Chapter 116 in effect at the relevant time was facially unconstitutional under the Due Process Clause of the Fourteenth Amendment. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1158–60 (9th Cir. 2016). The Supreme Court denied certiorari, *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 137 S. Ct. 2296, 2297 (2017), despite the Nevada Supreme Court's intervening ruling that Chapter 116 does not implicate state action, *see Saticoy Bay LLC v. Wells Fargo Home Mortg.*, 388 P.3d 970, 973–74 (Nev. 2017). As in other similar cases, that ends the matter here, and US Bank is entitled to offensive summary judgment as a matter of law that the DOT survived the HOA sale. The Court need not address the commercial unreasonableness issue at this time.

Thunder asks the Court to stay the case because another judge of this District has certified to the Nevada Supreme Court the question of whether the pre-October 1, 2015 version of Nevada Revised Statutes section s116.31168(1) required certain notice to the first deed of trust holder. If the answer were "yes," the argument goes, the notice scheme would not be facially unconstitutional, and the issue of notice would have to be litigated in each case. But the Court has already rejected this line of argument. *See, e.g.*, *Christiana Trust v. K&P Homes*, --- F. Supp. ----, 2017 WL 6757551, at *2–3 (D. Nev. 2017) (Jones, J.). Regardless of any ruling by the Nevada Supreme Court, this Court remains bound by *Bourne Valley* unless and until the Court of Appeals or the U.S. Supreme Court indicates otherwise in a reported decision.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 38) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 39) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall SUBMIT a proposed judgment within fourteen (14) days of this Order.

IT IS SO ORDERED.

Dated this 17th day of May, 2018.

_____
ROBERT C. JONES
United States District Judge